FILED
SUPERIOR COURT
OF GUAM

2021 OCT 12 PM 4:48

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ANNEROSE M. PHAYNID,<br><br>**Plaintiff,**<br><br>vs.<br><br>**KEILY PHAYNID,**<br><br>**Defendant.** | **DOMESTIC CASE NO. DM0395-20**<br><br><br>**DECISION AND ORDER GRANTING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT** |

This matter is before the Honorable Dana A. Gutierrez based on Plaintiff Annerose M. Phaynid's ("Plaintiff") request for Default Judgment. Plaintiff is represented by Attorney William L. Gavras. Defendant Keily Phaynid ("Defendant") has not appeared in this matter. Upon a review of the record before it and in light of the applicable law, the Court now issues this Decision and Order **GRANTING** Plaintiff's request for Default Judgment against Defendant.

### BACKGROUND AND RELEVANT FACTS

This case arises out of Plaintiff's Verified Complaint for Divorce filed on November 18, 2020. Plaintiff additionally filed a Declaration and Request for Service by Publication, Mailing, and Posting ("Request for Service by Publication") on November 18, 2020. On April 6, 2021, the Court granted Plaintiff's Request for Service by Publication which ordered that service of Plaintiff's Verified Complaint and Summons be made upon Defendant by publication and by mail to Defendant's last known address: Wichukuno, Tol Island, Chuuk St., FSM 96942.

On April 12, 2021, Plaintiff filed her Declaration of Mailing attesting that Plaintiff mailed

a copy of the Verified Complaint and Summons to Defendant at his last known address and Plaintiff filed an Affidavit Attesting to Service by Publication. Plaintiff filed, *inter alia*, her Request for Entry of Default on June 16, 2021. The Clerk's Office of the Superior Court of Guam issued the Entry of Default that same day. Based on Plaintiff's filings, the Court scheduled the matter for a Default Hearing on July 7, 2021.

At the Default Hearing on July 7, 2021, the Court raised two issues: 1) the Court's concern regarding the fact that the Certificate of Marriage attached to the Verified Complaint identifies Defendant's name to be "Keiny Phaynid," but the Verified Complaint identifies Defendant's name to be "Keily Phaynid"; and 2) whether the Court has jurisdiction to grant the relief requested in the Verified Complaint in light of the fact that the parties were not married on Guam, and because Defendant no longer resides on Guam and was not served on Guam. After hearing testimony from the Plaintiff, the Court ordered that Plaintiff file a memorandum to address these two issues. Plaintiff filed her Memorandum of Law Request by the Court On: 1) Affect of Misnomer in Summons and Complaint; and 2) Personal Jurisdiction and Minimum Contacts ("Memorandum") on July 14, 2021. The Court took the matter under advisement as of the date of the filing.

## DISCUSSION

### I. The Spelling of Defendant's Name.

Plaintiff asserts that the discrepancy between Defendant's name on the Certificate of Marriage and his name on the Verified Complaint and Summons do not preclude the Court from entering the requested divorce because Plaintiff testified that in the Chuukese language, the letter "l" and the letter "n" are used and pronounced interchangeably. Memorandum, at 3. Additionally, Plaintiff notes that despite the spelling of his name of the Verified Complaint and Summons, the Defendant nonetheless signed the return receipt when the documents were delivered to him via mail, signing his name with the letter "n." *Id.* at 3-4.

2

It is ordinarily held that the provisions for service of process in legal proceedings by publication rather than by actual delivery to the person being sued will be very strictly applied and that even a minor failure to fulfill the statutory requirements, one of which is that the process be directed to the name of the person to be charged with notice, may render the process ineffective. *See* Guam R. Civ. P. 4(a), 10(a); 45 A.L.R.2d 1090, § 1 (1956). However, "courts have generally recognized, under the doctrine of *idem sonans*, that in legal proceedings, a variation or mistake in the spelling of a name is immaterial if the pronunciation of the name as spelled is the same, or substantially the same, as the pronunciation of the name correctly spelled." 45 A.L.R.2d 1090, § 1 (1956) (internal citations omitted).

In cases where the Court held that *idem sonans* must not apply to a default judgment of divorce where service was made through publication, the reasoning was based on the premise that where service is *only* made by publication, *i.e.* through constructive notice, the final decree rests "upon the presumption that the defendant had seen the published notice and [knew] that it referred to him[.]" *Id.* (citing *Hubner v. Reickhoff*, 72 N.W. 540 (Iowa 1897)). Other courts have carved out exceptions to the general rule that *idem sonans* should not apply to default divorces cases involving service by publication, holding that "while the emphasis should be placed upon the appearance, it is not proper to disregard altogether the pronunciation." *Id.* (citing *Collingsworth v. Hutchison*, 90 P.2d 416 (Okla. 1939)). Thus, the test is whether "the defendant or his acquaintances upon reading the published notice would not be misled as to the person intended." *Id.*

The case at bar is distinguishable because here, although the Court allowed service by publication, the Court need not presume whether or not the Defendant actually received notice of the Verified Complaint and Summons. As Plaintiff points out, Defendant acknowledged service of process by signing the return receipt requested on the mailing documents. Submission of Return Receipt Restricted Delivery (July 9, 2021). Therefore, Defendant did not only receive

3

constructive notice through publication in a newspaper on Guam, but additionally received actual notice of the suit against him. Further, Plaintiff testified that in the Chuukese language, the letters "l" and "n" are pronounced the same and used interchangeably. Min. Entry, at 9:33:26 AM (July 7, 2021).

Accordingly, the Court finds the doctrine of *idem sonans* may be appropriately applied in the instant case, and the variation in Defendant's name between the Certificate of Marriage and the Verified Complaint is immaterial to the Court's authority to grant Plaintiff's request for a default judgment of divorce.

## II. Jurisdiction Over the Relief Requested.

Plaintiff's Verified Complaint requests that the Court grant the division of the parties' separate property such that Plaintiff be awarded her clothing, jewelry, and personal effects, and that Defendant be awarded his clothing, jewelry, and personal effects. Compl., ¶ 9 (Nov. 18, 2020). Although the Court has authority to issue the divorce decree absent any showing of personal jurisdiction over the Defendant, the Court must have personal jurisdiction to adjudicate matters beyond mere dissolution of marriage, *i.e.*, adjudication of the parties' personal rights and obligations, including division of the parties' property. *Banes v. Super. Ct.*, 2012 Guam 11 ¶ 23-24.

Title 7 GCA § 14109, which serves as Guam's long-arm statute, allows the courts of Guam to exercise jurisdiction "on any basis not inconsistent with the Organic Act or the Constitution of the United States." Under this type of broad long-arm statute, the Court has general jurisdiction over the Defendant, regardless of where the suit arose, if the defendant's contacts with the forum state—in this case, Guam—are sufficiently continuous and systematic. *Banes*, 2012 Guam 11 ¶ 35; *see Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). On the other hand, if the Defendant's contacts with the forum state are isolated, the Court may exercise specific jurisdiction over only those claims that arise out of the

Defendant's contacts with Guam. *See Banes*, 2012 Guam 11 ¶ 37 (identifying the three elements that must be met for the Court to exercise specific jurisdiction).

Because Defendant is no longer a resident of Guam and Plaintiff has not alleged that he has any continuing contacts with Guam, this Court does not find that it has general jurisdiction over the Defendant, such that it could assert jurisdiction over Defendant regardless of where the suit arose. Thus, the Court turns to specific jurisdiction.

In Guam, to exercise specific jurisdiction, the plaintiff must show that the following three elements are met with regard to the non-resident defendant: 1) the non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; 2) the claim must be one which arises out of or results from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable. *Banes*, 2012 Guam 11 ¶ 37.

In *Banes*, the Guam Supreme Court held that the trial court did not have specific jurisdiction to determine the property rights of the parties to a divorce where the plaintiff's basis for Guam's jurisdiction rested solely on the defendant's purchase of a condominium in Guam. *Id.* at ¶¶ 38-55. The *Banes* Court agreed with the defendant, that he had no reasonable expectation that his ownership of the Guam condominium "would hale him into Guam court regarding matters unrelated to the real property, namely: . . . marital property rights," among other issues. *Id.* at ¶ 38.

Regarding the first element, Plaintiff testified that after marrying in Chuuk, both she and the Defendant moved to Guam together, where they continued to reside together for eleven years. Min. Entry, at 9:31:32 AM (July 7, 2021). It was only after they separated that Defendant moved back to Chuuk. *Id.* Regarding the second element, the case at bar is distinguishable from *Banes* because Plaintiff makes no "claim" to any property that may be owned by Defendant or by

5

the marriage. The only property division requested by Plaintiff is that she be awarded her separate property and that Defendant be awarded his separate property. The Verified Complaint attests that no community property or community debt exists as a result of the marriage. Compl., ¶¶ 7-8. Therefore, based on the aforementioned facts, the Court finds that the first two required elements to establish specific jurisdiction are met. Lastly, based on the eleven years spent on Guam and the fact that Plaintiff asserts no claim of spousal support or claim to any of Defendant's property, the Court finds that the exercise of specific jurisdiction over Defendant for the purpose of entering the divorce and granting each party their separate property would be reasonable in these circumstances. *See Banes*, 2012 Guam 11 ¶ 54.

## CONCLUSION

Accordingly, in light of the applicable law and based on the foregoing reasons, the Court hereby **GRANTS** Plaintiff's request for default judgment against the Defendant.

**SO ORDERED:** OCT 1 2 2021

**HONORABLE DANA A. GUTIÉRREZ**
Judge, Superior Court of Guam

6